UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA LOUIS SAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00179-JPH-MG |
| | ) |
| CRAWFORD Officer, C.O. of the IDOC, | ) |
| | ) |
| Defendant. | ) |

**ORDER SCREENING AMENDED COMPLAINT, DENYING MOTION FOR COUNSEL, AND DIRECTING FURTHER PROCEEDINGS**

After the Court screened Plaintiff Joshua Sage's original complaint, dkt. 14, he filed an amended complaint, dkt. 24. Although Mr. Sage did not file a motion for leave to file an amended complaint, he filed the amended complaint before an answer was filed and the Court grants leave to amend in the interests of justice under Fed. R. Civ. P. 15(a)(2). Thus, the amended complaint is now the operative complaint in this action. Because Mr. Sage is a "prisoner," currently incarcerated at Wabash Valley Correctional Facility, this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Sage's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names as defendants: (1) Officer Crawford; (2) Sgt. Vaughn; and (3) Sgt. Strosnider.

As in the original complaint, Mr. Sage alleges that on February 16, 2024, Mr. Sage and his cellmate were due to take showers. The cellmate became irate at Officer Crawford when he came to take them to their showers, so Officer Crawford decided not to let Mr. Sage and his cellmate take showers that day. Officer Crawford then said to the cellmate, "tell [Mr. Sage] I'm sorry." Dkt. 24 at 4. The cellmate then began threatening Mr. Sage with violence and said to Officer Crawford, "Why tell him that does he work for you guys" and "you better get him out of here or I'll put him on the door." *Id.* Officer Crawford ignored these remarks

and walked away from the cell, even after the cellmate spit on Officer Crawford. After Officer Crawford left, the cellmate assaulted Mr. Sage for approximately two minutes, causing severe injuries to Mr. Sage's thumb and face. Mr. Sage's amended complaint also states that Sgt. Vaughn and Sgt. Strosnider observed the assault occurring and did not attempt to stop it. Mr. Sage is seeking damages and to be transferred from Wabash Valley to a different facility.

### III. Discussion

Applying the screening standard to the allegations in the amended complaint, Mr. Sage's amended complaint **shall proceed** against Officer Crawford as an Eighth Amendment failure-to-protect claim for not taking action to prevent the cellmate's assault of Mr. Sage. Additionally, claims now **shall proceed** against Sgt. Vaughn and Sgt. Strosnider under the Eighth Amendment for failing to intervene in the other inmate's assault on Mr. Sage.

However, as noted in the original screening order, Mr. Sage's named defendants do not appear to be in a position to provide his requested relief of being transferred to a different facility. To the extent Mr. Sage seeks injunctive relief to that effect, that claim **shall not proceed**. See *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that the proper government defendant in an injunctive relief action is the official "who would be responsible for ensuring that any injunctive relief is carried out.").

## IV. Motion for Counsel

Mr. Sage has filed a motion for assistance with recruiting counsel. Dkt. 28.[1] Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit

---

[1] Two motions for counsel currently are on the docket. However, the first, dkt. 27, merely states that Mr. Sage had not received a motion for counsel form and requesting one. The second, dkt. 28, is filled out on the correct form. The Court will direct the clerk to terminate the filing at dkt. 27 because it is apparent Mr. Sage did obtain the correct form.

counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Sage states that he attempted to contact one law firm without success, and that his law library does not provide assistance in trying to find other attorneys. Contacting only one attorney generally is insufficient to constitute a "reasonable effort" to secure private counsel, and the Court is aware that other inmates at Wabash Valley have been able to contact multiple attorneys with requests for assistance. His motion for assistance with recruiting counsel could be denied for this reason alone.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan, 987 F.3d at 682* (quoting *Pruitt*, 503 F.3d at 655). "This

5

assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Sage's motion states that he does not have difficulty reading or writing English and that he has a GED. He asserts that he has ADHD and a learning disability that may affect his ability to litigate. However, mental health problems, while relevant to the Court's inquiry, do not create a legal entitlement to the appointment of counsel. *Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021). Although Mr. Sage asserts that he lacks legal knowledge and experience, that is true of all pro se inmates who request recruitment of counsel and does not by itself warrant granting Mr. Sage's motion. The facts in this case are not complex, and Mr. Sage's cogent filings so far indicate that he is able to continue representing himself at this time. Further, the defendants have not yet answered his amended complaint, so the need for counsel is unclear. ("It is essential that district courts remain mindful, especially at the early stages of a case, that their evaluation of the plaintiff's claim is being made on uncounseled papers."). Therefore, his motion for counsel, dkt. [28], is **DENIED without prejudice**. The Court will remain alert to a change in circumstances that might warrant reconsideration of this decision, such as a settlement conference or trial.

### IV. Conclusion and Service of Process

The claims that are proceeding in this case are claims for damages only under the Eighth Amendment against Officer Crawford for failure to protect and

against Sgt. Strosnider and Sgt. Vaughn for failing to intervene in the assault. All other claims have been dismissed.

Mr. Sage's motion for counsel, dkt. [28], is **DENIED without prejudice**. The **clerk is directed** to terminate the motion at dkt. [27].

The **clerk is directed** to add Sgt. Strosnider and Sgt. Vaughn as defendants on the docket. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. Strosnider and Sgt. Vaughn in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on January 8, 2025, dkt. [24], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Officer Crawford has already appeared and answered the original complaint. Dkt. 26. If counsel for Officer Crawford intends to represent Sgt. Strosnider and Sgt. Vaughn, Officer Crawford may join in an answer or other responsive pleading when Sgt. Strosndier and Sgt. Vaughn do so. Otherwise, Officer Crawford shall either file an amended answer or other responsive pleading, or inform the Court that he intends to rely on his original answer, **within 21 days of this Order**.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/17/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

7

Distribution:

All ECF-registered counsel of record via email

JOSHUA LOUIS SAGE
269072
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Sgt. Snosnider
    Sgt. Vaughn
    (All at Wabash Valley Correctional Facility)